UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 26-mj-53 (SGE)

STATE OF MINNESOTA )
) UNDER SEAL
COUNTY OF HENNEPIN )

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Richard Berger, being duly sworn, do hereby state as follows:

### INTRODUCTION & AGENT BACKGROUND

1. I am a Special Agent (SA) with the U.S. Homeland Security Investigations, Department of Homeland Security (HSI) and have been so employed since September 2009. I am a graduate of the Federal Law Enforcement Training Center, which consisted of the Criminal Investigator Training Program, and U.S. Immigration and Customs Enforcement Special Agent Training.

2. Prior to working with HSI, I was employed as a U.S. Customs and Border Protection Officer for approximately four years. During my career, I received training on and have conducted, and participated in, multiple investigations involving the unlawful importation and the distribution of controlled substances, the assault and hinderance of federal officers while engaged in the performance of their official duties, fraud and identity theft violations, export violations, financial crimes, illegal alien smuggling and human trafficking violations, and various immigration violations. During

1

these investigations, I have conducted physical surveillance, executed arrest and search warrants, reviewed tape-recorded conversations, and personally interviewed numerous sources of information as well as confidential sources.

3. This affidavit is submitted for the limited purpose of establishing probable cause in support of issuing a complaint and arrest warrant for Mohamed JAMA for assault of a federal officer using a deadly or dangerous weapon in violation of Title 18, United States Code, Sections 111(a) and (b).

4. This affidavit is based on my personal knowledge, as well as information I have learned from other law enforcement officers and the review of reports, my training and experience and that of my fellow law enforcement officers, written materials, and recordings at the writing of this affidavit. This affidavit does not include all the details I have learned regarding this investigation. Rather, it only includes sufficient information to establish probable cause.

## PROBABLE CAUSE

5. On January 20, 2026, at approximately 11:15 AM, U.S. Customs and Border Protection, Border Patrol Agents (BPAs) were conducting immigration enforcement operations in Saint Cloud, within the District of Minnesota. The BPAs used two separate vehicles: Vehicle 1 and Vehicle 2.

6. While performing their lawful duties, the BPAs saw a white van (Target Vehicle) parked in the lot of an apartment complex with a person

sitting in the driver's seat (later identified as Mohamed JAMA) and another person sitting in the passenger's seat.

7. The BPAs ran the license plate of the Target Vehicle, which revealed it to be registered to person without status to remain in the United States who is also deemed armed and dangerous. At that time and based on the physical description, the BPAs believed the Target Vehicle's driver to be the person referenced as armed, dangerous, and removable from the United States. However, as the events below unfolded the BPAs identified JAMA as the driver and not the Target Vehicle's registrant subject to removal from the United States.

8. As they watched, the BPAs saw JAMA exit the Target Vehicle and enter the apartment complex; the passenger remained in the Target Vehicle. JAMA walked back outside and returned to the driver's seat of the Target Vehicle. BPAs approached the Target Vehicle, and the BPAs wore garments identifying themselves as law enforcement. The BPAs also gave JAMA verbal commands to exit the Target Vehicle.

9. JAMA then screamed at the BPAs, put the Target Vehicle in reverse and fled. The BPAs pursued the Target Vehicle.

10. Doing so, the BPAs saw the Target Vehicle commit multiple traffic violations and it continued drive in a dangerous manner. So, BPA Vehicles 1 and 2 attempted to box the Target Vehicle in so it would stop. But the Target

Vehicle didn't stop and instead maneuvered past Vehicle 1 and struck it in the process.

11. The Target Vehicle turned into oncoming traffic and continued to flee. Vehicle 1 then took position in the Target Vehicle's path so that it would stop, but instead the Target Vehicle conducted a U-turn and began heading towards Vehicle 2. The BPAs in Vehicle 2 stopped and exited their vehicle in effort to stop the Target Vehicle. BPAs from Vehicle 2 then moved out of the Target Vehicle's way to avoid being hit.

12. Vehicle 1 eventually caught back up to the Target Vehicle and followed it. Vehicle 1 then sped in front of the Target Vehicle and stopped in front of it. Vehicle 1 left enough space for the Target Vehicle to stop before it hit Vehicle 1, but the Target Vehicle then intentionally crashed into Vehicle 1. This finally stopped the Target Vehicle. The BPAs then arrested JAMA.

13. The Target Vehicle hitting BP Vehicle 1 caused significant damage to the vehicle. And, based on my training and experience and that of my fellow agents involved in this investigation, a vehicle becomes a dangerous or deadly weapon when operated in the described above.

## CONCLUSION

Based on the above facts, there is probable cause to believe that Defendant Mohamed JAMA, violated Title 18, United States Code, Sections 111(a)(1) and (b) by forcibly assaulting, resisting, opposing, impeding,

4

intimidating, or interfering with federal officers designated in 18 United States Code, Section 1114 while engaged in, or on account of, the performance of their official duties, and that such acts involved the use of a deadly or dangerous weapon.

**Affiant states nothing further.**

_____
Richard Berger
Special Agent, HSI


SUBSCRIBED and SWORN before me
by reliable electronic means via FaceTime
and email pursuant to Fed. R. Crim. P. 41(d)(3) on
January 23, 2026


_____
SHANNON G. ELKINS
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF MINNESOTA