IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Criminal No: 26-mj-53 (SGE)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MOHAMED ABDIRIZAK JAMA,<br><br>Defendant. | **MOTION FOR DISCLOSURE OF WITNESS STATEMENTS AND *BRADY/GIGLIO* MATERIALS BEFORE PRELIMINARY HEARING** |

Defendant Mohamed Abdirizak Jama hereby moves for an order requiring the United States to immediately produce witness statements pursuant to Fed. R. Crim. P. 5.1 and 26.2, and *Brady* and *Giglio* materials related to the upcoming preliminary hearing before The Honorable Elizabeth Cowan Wright on Wednesday, February 11.

Under Rules 5.1(h) and 26.2(a)-(d) and (f), the government is obligated to produce any and all statements made by any witnesses they call at the preliminary hearing to the defense. In this District, such statements are typically produced to the defense sufficiently in advance of the hearing to allow the defense to prepare and to avoid the recess and delay in the proceedings contemplated by Rule 26.2(d). In the unusual circumstances of this case, and given the significant turnover at the U.S. Attorney's Office, the Court should enter an order requiring the United States to provide all statements of any witnesses they intend to call at the preliminary hearing at least 48 hours before the hearing.

While the Supreme Court has not expressly required the production of *Brady* or *Giglio* material before the preliminary hearing, the Court is authorized to require such pre-hearing disclosures to avoid unnecessary delay, to avoid future prejudice to the defendant, and to avoid disputes regarding discovery and witness credibility. *See Maynor v. United States*, No. CR RDB-17-280, 2025 WL 2457654, at *8 (D. Md. Aug. 26, 2025) ("in adherence with the Supreme Court's decisions in . . . *Brady v. Maryland*, 373 U.S. 83 (1963) and more importantly, *Giglio v. United States*, 405 U.S. 150 (1972), it is this Court's policy that the Government must 'provide to [the Court] any internal affairs files with respect to any police officer who testifies either at a preliminary hearing or at trial . . . .'"); *State v. Allen*, No. M2019-00667-CCA-R3-CD, 2020 WL 7252538, at *17 (Tenn. Crim. App. Dec. 10, 2020) (reversing defendant's conviction because prosecution did not disclose exculpatory emails prior to preliminary hearing for use during cross examination, and witness later became unavailable, meaning defendant was never able to utilize exculpatory information to cross-examine and was irreparably prejudiced).

Here, the United States is relying on a complaint affidavit from a witness who clearly was not present for any of the events at issue. The witness has apparently relied on the accounts of unnamed Border Patrol officers and provided virtually no details that support the credibility of such accounts. In these circumstances, any materials that may constitute impeachment material should be disclosed prior to

the hearing. Such materials likely include any police reports, photos, video (e.g., any body-worn, dash-camera, surveillance footage, or recordings on the officers' personal devices), audio recordings, text messages, emails, booking and arrest records, evidence and chain-of-custody logs, and any documented verbal conversations that the affiant or preliminary hearing witness rely upon for their testimony. All such materials are likely to contain exculpatory and impeachment information critical for the defense to prepare an effective cross-examination and avoid unnecessary delays in the future.

    The undersigned attorney for Mr. Jama notified the criminal division chief for the U.S. Attorney's office of this motion on the morning of February 5, 2026 via text message. The criminal division chief has not yet responded. In fairness, the criminal division chief may not have had sufficient time to respond. However, given the short time before the preliminary hearing, and given that the U.S. Attorney's Office has not yet assigned the specific AUSA who will handle this prosecution, the defense is filing this motion to ensure it is considered as soon as possible. The defense remains available to meet and confer up to the time of the hearing.

| | |
|---|---|
| Dated:  February 5, 2026 | **GREENE ESPEL PLLP** |
| | s/ Surya Saxena |
| | Surya Saxena, Reg. No. 0339465<br>222 S. Ninth Street, Suite 2200<br>Minneapolis, MN  55402<br>ssaxena@greeneespel.com<br>(612) 373-0830 |
| | Attorneys for Defendant |

4