IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Criminal No: 26-mj-53 (MJD/LIB)

UNITED STATES OF AMERICA,

Plaintiff,

v.

MOHAMED ABDIRIZAK JAMA,

Defendant.

**PARTIES' JOINT STATUS UPDATE REGARDING THE COURT'S DISCOVERY ORDER AND ORDER**

Pursuant to the Court's order requiring the parties to file a joint status report on ECF by no later than June 8, 2026 advising the Court of a revised briefing schedule for the parties on the pending motions (ECF No. 60) after the parties have assessed the United States' compliance with the Court's order regarding discovery (ECF No. 57, the "Discovery Order")), the parties state as follows:

I.   **Defendant's Statement.**

Defense counsel and the prosecutor met and conferred telephonically regarding the government's discovery efforts twice on June 8, 2026, once at approximately 9:00a.m. and again at approximately 4:40p.m. During the morning phone call, the United States stated that it would be providing the defense with a letter explaining its efforts to comply with the Discovery Order and identifying additional discovery materials that would be produced to the defense. The defense

received the prosecutor's letter at approximately 1:00 p.m. on June 8, 2026, a copy of which is attached as Exhibit 1.

The letter suggests that one additional body camera video, certain screenshots of Microsoft Teams messages, and certain Border Patrol reports are being produced to the defense today. To date, the defense has not received a download link for any additional disclosures but accepts the prosecutor's word that the U.S. Attorney's Office sent a link at approximately 2:30 p.m. on June 8. The parties will continue to meet and confer on June 9 regarding the delivery of the supplemental disclosures. However, having not received the download link as of the time of this filing, defense counsel cannot and has not reviewed the additional disclosures. Accordingly, the defense cannot assess the completeness of the United State's production, nor can the defense fully meet and confer with the prosecutor about whether his efforts have been sufficient to comply with the United States' discovery obligations.

The letter further discloses that the United States expects to ask the Court for additional time to attempt to comply with defense discovery requests Nos. 4, 5, 6, 8, and 13. The letter does not provide a reason why the United States is requesting additional time to comply with its obligations as to these requests, and the defense reserves all of its rights to file additional motions seeking evidentiary or other case-related sanctions based on any non-compliance.

A.   **Impeachment Information Relevant to Agent Muniz's Motions' Hearing Testimony.**

As to requests 2, 3, and 10, the United States seeks more time to comply, but it seemingly has failed to produce all impeachment information for Agent Muniz by May 26, 2026, because it has not produced all CIS records or certified that it has produced all of his electronic communications related to the incident that have been preserved. As Agent Muniz noted at the hearing, he was never asked to provide any data from his phone, and the United States' letter does not explain whether his or the other agent phones at the scene have been searched for discoverable information. The United States has asserted that it is producing certain Microsoft Teams records, but the defense has not yet received or reviewed such records.

Again, the defense reserves its rights to file additional motions to address the United States' non-compliance with respect to Agent Muniz, and seeks two weeks – i.e. until June 22, 2026 – to review the United States' additional disclosures and consider whether any such impeachment information is forthcoming.

B.   **CIS Records.**

During the parties' morning meet and confer telephone call, the prosecutor explained that some records that were reviewed by the Border Patrol agents on January 20 related to this incident were not preserved.  Specifically, Border Patrol agents apparently only photographed a single page of the van owner's CIS database records, despite that the photograph reveals that at least three CIS records were

available regarding that individual. The rest of the database records that were visible to the agents at the scene were not preserved.  The defense verbally requested that the United States produce the underlying CIS records for the owner of the van the Defendant was driving on January 20.  The prosecution has indicated that it is still considering the defense's request for all CIS records relating to the owner of the van.

The defense submits that the CIS records must be produced for at least four reasons.  First, the records are responsive to defense request for discovery No. 5, which requests "all records of any informational database...consulted or considered" by any agent or officer in connection with the January 20 incident.  The record developed at the motions' hearing establishes that multiple agents participating in the incident (both those on the scene and those communicating by Microsoft Teams) accessed, consulted, and considered the CIS record for the owner of the vehicle. Thus, notwithstanding that the Border Patrol agents on the scene failed to preserve the CIS records they downloaded, the full CIS file for the owner of the van should be disclosed under the Court's Discovery Order.

Second, the CIS records are disclosable as impeachment information for Agent Muniz who testified at the motions hearing and for any other agent who participated in the decision to conduct an investigatory stop on the vehicle. The record at the motions hearing demonstrated that the owner of the van was a U.S. Citizen. The CIS records will likely demonstrate that Border Patrol agents either

knew that he was a citizen or were deliberately indifferent to clear records demonstrating his citizenship in deciding to investigate and arrest the presumed owner of the vehicle. Thus, the CIS records are essential impeachment information and constitute Giglio information both for a witness that has already testified (Muniz) and for any agent or officer that testifies at trial.

Third, the CIS records are highly relevant to the defense's motion to dismiss for outrageous government misconduct. To the extent the CIS records demonstrate that the database Border Patrol accessed clearly identified the owner of the van as a citizen – as he clearly was – the records help demonstrate that Border Patrol baselessly manufactured a pretextual reason to confront the driver of the van.

Fourth, the CIS records are material to presenting a defense under Rule 16(a)(1)(E). As previewed at the motions' hearing, if this case proceeds to trial, Border Patrol's apparent intentional disregard of records demonstrating that the owner of the van was a U.S. Citizen will undercut the credibility of every Border Patrol agent involved in this incident. Further, the records will help the defense determine whether it must identify additional witnesses or experts to explain the van owner's immigration records, the functionality of the Border Patrol's "Query" system, or the immigration naturalization process.

### C.    Additional Records from January 28 Forthcoming.

During the afternoon meet and confer telephone call, the prosecutor informed the defense that the prosecution has received certain additional records

today that will be disclosed as soon as possible. However, the prosecutor represented that the forthcoming records relate only to the Defendant's arrest on federal charges on January 28, and not to the January 20 incident. Accordingly, the defense believes that the United States will not be materially supplementing the few records that are identified in its letter attached as Exhibit 1, and that the prosecution's supplemental disclosures may prove to be deficient. Again the defense requests until June 22, 2026 to assess the United States' disclosures and further meet and confer with the United States regarding its efforts to meet its discovery obligations.

**D.   The Defense Seeks Additional Time Before Resetting Motions' Briefing Deadlines.**

For the foregoing reasons, the defense requests that the Court allow the parties to update the Court again on June 22, 2026 before resetting briefing deadlines on the outstanding defense motions. This further continuance is requested because the United States has not fully complied with the Court's order to date, additional discovery is represented to be forthcoming, and the defense has not had sufficient time to assess the supplemental disclosures, the need for additional discovery-related motion practice, or the United States' efforts to comply with the Discovery Order.

II.     **United States' Statement.**

In furtherance of complying with the Court's decision and order, the Government electronically transmitted copies  of the decision and order to the agencies involved on May 20, 2026 and June 3, 2026. The Government further requested a soft-deadline date for disclosure of May 27, 2026, well in advance of the Court's June 8, 2026 deadline. The Government further  and disclosed the Court's Decision and Order to the General Counsel's Office of the Department of Homeland Security and Customs & Border Patrol, as well as disseminated the contents of the Court's Decision and Order and requested compliance from the individual agents involved. The Government further requested disclosure of the materials ordered and discussed compliance on the following dates:

- 05/13/2026
- 05/19/2026
- 05/20/2026
- 05/21/2026
- 05/22/2026
- 05/26/2026
- 05/27/2206
- 05/28/2026
- 05/29/2026
- 06/01/2026
- 06/03/2026
- 06/05/2026
- 06/08/2026

Upon information and belief, the Government further disclosed new materials responsive to the Court's Decision and Order today, electronically via

USAfx to defense counsel at approximately 1:55 p.m. The disclosure further included a letter outlining the Government's position as to disclosure and the materials disclosed. Further, a "Discovery Addendum Index" was included specifically delineating what new materials were disclosed.

As to each category and items ordered disclosed, the Government's response to the Court's Decision and Order is as follows:

**Defendant's Requests**: 1,4,5,6,8, and 13

I.   Category 1: "copies of all cell phone video and body camera footage from all agents and officers related to the Defendant's case (incident and arrest)". Docket No. 57, page 1. The court further is ordering production of a list of all agents involved in the incident, apprehension, and arrest processing of JAMA from all agencies involved. See Docket No. 57, page 5.

The Government is further disclosing additional one (1) body worn camera footage and one cell phone video to Defendant outlined in disclosed disclosure summary index and is accessible via USAfx. The Government further submits it has otherwise complied with the court's order.

II.   Category 4: "computer and cell phone browsing and search histories for each DHS and CBP agent related to the Defendant from January 20, 2026. Docket No. 57, page 2.

The Government received a tranche of records and/or materials from the Department of Homeland Security for the first time, at approximately 4:30 p.m. at which point the Government notified defense counsel of the existence thereof. The

8

Government believes most of the materials are responsive to the Court's Decision & Order and some of the materials are duplicative in nature. Given the volume and timing of its discovery, the Government submits the materials will be disclosed in full by tomorrow.

III.   Category 5: "all records of any informational database reviewed, relied on, consulted, or considered by any DHS or CBP agent or other law enforcement officer". Docket No. 57, page l.

Based upon the hearing testimony of BPA Muniz and referenced in the court's decision and order (Docket No. 57, page 6), this includes, but not limited to, any "Super-Query" or "Query" searches and results and/or Microsoft Teams chat messages, from January 20, 2026 relating to the incident charged.

The Government is disclosing that the information relating to the "CSI/Super-Query" search from January 20, 2026 relating to the incident charged was not preserved at the time the search was made. Upon information and belief and pursuant to the above-listed timeline, the Government has requested the Super-Query Search and underlying records from Customs & Border Patrol numerous times, however, the Government was advised the Border Patrol Agents did not save and/or preserve requested "Super-Query" search results and/or underlying database results at the time such information was searched, relied on, and/or observed. Therefore, the information relied upon pursuant to the court's order cannot be disclosed in same condition as it was searched, reviewed, and relied upon as it was

on January 20, 2026.

Notwithstanding the above information, the Government did disclose recovered screenshots depicting contents of the Microsoft Teams Chats as outlined in the new discovery package, dated June 8, 2026.

Further, it was revealed today, June 8, 2026 that databases were searched and utilized by Department of Homeland Security Agents on January 28, 2026 for the coordination and operation of Defendant's arrest. Such materials were disclosed along with the materials outlined above in "Category 4" and will be disclosed in their entirety tomorrow.  As such, the Government is requesting additional time for compliance with the Court's Order.

IV.   <u>Category 6:</u> "copies of all radio traffic, dispatch records, cellphone communications, and any other communications between or among DHS agents, CBP agents, and any other law enforcement personnel regarding the incident and whether such data is stored on a government or private device or storage media". Docket No. 57, page 2.

The Government is advising that as to radio traffic and dispatch records the Government has complied with the Court's Order. Upon information and belief, for the January 20, 2026 incident, radio communications were not stored, saved, or logged in any way nor were there any dispatch records created, generated, or otherwise stored in connection with the incident. As such, with respect to that portion of the order the Government submits, has complied.

As to the remaining request, "cellphone communications, and any other

communications between or among DHS agents, CBP agents, and any other law enforcement personnel regarding the incident" the Government is requesting additional time for compliance as, notwithstanding the above requests as outlined on page 7, it was revealed today, June 8, 2026 materials exist relevant to this category. As such, the Government is requesting additional time for compliance with the Court's Order.

V.    <u>Category 8</u>: "any and all photographs, text messages, emails, chats, or other cell phone data depicting any of the aforementioned law enforcement officers. Docket No. 57, page 2.

Notwithstanding the above requests as outlined on page 7, the Government is requesting additional time for compliance as it was revealed today, June 8, 2026 that electronic messages, text messages, photographs, emails, chats, and/or cell phone data were created January 28, 2026 for the coordination and operation of Defendant's arrest. Accordingly, the Government is requesting additional time for compliance with the Court's Order.

VI.    <u>Category 13</u>: "any and all audio, photos, videos, emails, booking and arrest records, evidence and chain of custody logs, and any documented verbal conversations related to this matter. Docket No. 57, page 2-3.

The Government has disclosed additional documentation from Customs & Border Patrol as outlined in the attached disclosure summary index and is accessible

via USAfx. To the extent information in this category overlaps with Category 4, Category 5, and Category 8, the Government relies on its above responses as to each.

VII.  Defendant's Requests: 2, 3, 10, (Impeachment Records, Training Records & Giglio)

The Government has made the appropriate agency requests and submits it has complied with the Court's Order. If such materials exist that are responsive to the Court's requirements for disclosure, the Government will disclose the materials pursuant to the timeline outlined in the Court's Decision and Order.

VIII.  Defendant's Request: 7,9 (Interagency Communications)

The Government has made the appropriate agency requests and submits it has complied with the Court's Order. If such materials exist that are responsive to the Court's requirements for disclosure, the Government will disclose the materials pursuant to the timeline outlined in the Court's Decision and Order.

The Government does not oppose any extension of time requested by the Defendant that is reasonable and serves the interests of justice. Furthermore, the Government has acted diligently and in good faith to comply with the Court's discovery orders. As evidence of those efforts outlined above, the Government, on numerous occasions, repeatedly requested compliance from the relevant agencies, conducted numerous meetings and communications with agency representatives regarding discovery obligations, provided copies of the Court's orders to the

agencies, specifically discussed the categories of information required to be disclosed, and continuously updated defense counsel regarding the status of those efforts and the progress of production. The Government's actions demonstrate its ongoing commitment to fulfilling its discovery obligations and ensuring compliance with the Court's directives.

Dated:  June 8, 2026

**DANIEL N. ROSEN**
**United States Attorney**

*s/William L. Richards*
BY: William L. Richards
Special Assistant U.S. Attorney
T: 612.664-5600| C: 202-230-8076
Email: William.Richards@usdoj.gov

Attorneys for Plaintiff

**DORSEY & WHITNEY LLP**

s/ Surya Saxena

Surya Saxena, Reg. No. 0339465
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402
612-340-2600

Attorneys for Defendant