UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-MJ-53 (MJD/LIB)

UNITED STATES OF AMERICA,

Plaintiff,

v.

MOHAMED ABDIRIZAK JAMA,

Defendant.

**REPLY TO DEFENDANT'S RESPONSE IN SUPPORT OF UNITED STATES MOTION TO DISMISS WITH PREJUDICE**

The United States requests the Court grant the motion to dismiss without further hearing and that the hearing set for September 1, 2026, be taken off calendar. The Defendant "agrees that this matter should immediately be dismissed with prejudice." The Defendant requests a hearing, not on the issue of whether a dismissal should be granted, but on the issue of whether prosecution should have been initiated and maintained. The Defendant's requested hearing amounts to a postmortem on the prosecution. The Rules of Criminal Procedure and case law do not grant district courts authority to conduct such a postmortem when there is no case and controversy.

## I. Factual and Procedural Background

As discussed in Defendant's Response, the prosecution struggled to meet the Court's discovery deadlines and became aware of additional evidence in the first week of June, 2026. ECF Doc. 66, page 14. The defendant makes a colorable

argument that the newly obtained evidence would undermine the prosecution's case. On June 10, 2026, days after receiving the new evidence, the United States moved the Court to dismiss the case with prejudice.

## II. Authorities and Application

The parties both request that the Court dismiss this matter with prejudice. As a result, there is no longer a live case or controversy requiring factual findings by the Court. The Defendant "agrees that this matter should immediately be dismissed with prejudice" but implicitly requests the Court utilize Rule of Criminal Procedure 48(a) to postpone dismissal pending a fact-finding hearing for the purpose of "documenting the government's failures and attempting to deter the government from engaging in the same unlawful conduct in future cases." ECF Doc. 66, pages 1 and 23. Rule 48(a) does not create a mechanism for the Court to conduct a postmortem on cases the U.S. seeks to dismiss.

Rule 48(a) permits the government to move to dismiss a criminal prosecution with "leave of the court." Fed. R. Crim. P. 48(a). The requirement to seek leave serves three potential purposes. The first (and well established) use of Rule 48(a) is to empower trial courts to determine whether a matter should be dismissed with prejudice where the government seeks to dismiss without prejudice. A court can "protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States*,

434 U.S. 22, 30 n.15 (1977). The second use of Rule 48(a), existing more in dicta than application, is for courts to inquire into dismissal based on alleged improper motives. For example, if "the prosecutor is motivated to dismiss because he has accepted a bribe or because he desires to attend a social event instead of attend upon the court in the trial of the case or because he personally dislikes the victim of the crime," the Court may intervene. *United States v. Hamm*, 659 F.2d 624, 630 (5th Cir. 1981) (internal quotation marks and citations omitted). Finally, is the defendant's proposed use of Rule 48(a) as a "sunshine provision" for government accountability.

The circumstances contemplated by *Rinaldi* and *Hamm* do not apply here. As to the former, the parties agree that the case should be dismissed with prejudice. As to the latter, there are no allegations that dismissal is an improper outcome stemming from improper government motive. That leaves only the "sunshine" provision interpretation of the Rule. For the reasons set forth below, that interpretation should not be applied here.

The defendant cites a sole authority for his contention that Rule 48(a) can be used to conduct a factual inquiry on a motion to dismiss with prejudice. In *In re Richards*, the Third Circuit contemplated "a 'sunshine' rule that requires prosecutors to disclose the reasons for their actions" in dismissing a case. 213 F.3d 773, 789 (3d Cir. 2000).

*Richards* is not the law in this Circuit, which applies a far more restrictive approach to Rule 48(a).

> Courts can exercise their discretion to withhold leave in only the rarest of cases. One is when there has been prosecutorial harassment, including a pattern of charging, dismissing, and recharging the defendant. There is no evidence of harassment here, only cooperation, so the only other possibility is that dismissal of the charges would be *clearly* contrary to manifest public interest.

*United States v. Bernard*, 42 F.4th 905, 909 (8th Cir. 2022) [internal quotation marks and citations omitted]. The language of "contrary to manifest public interest" is not expansive. A dismissal is only "clearly contrary to manifest public interest" where the prosecutor has "an illegitimate motive rising to the level of bad faith" such as a bribe, personal dislike of a victim, or dissatisfaction with the jury as impaneled. *Id.* "Anything less is not enough." *Id.* Therefore, other laudable goals of a trial court are an insufficient basis to delay dismissal.

*United States v. Dupris*, 664 F.2d 169, 175 (1981) is instructive. There, the district court denied the government's motion to dismiss a case because it implicated an important question of tribal jurisdiction that was then pending before the Supreme Court that the trial court believed would clarify a number of pending and future cases in the district. The Eighth Circuit overturned the district court's denial. "[C]ourts have authority only to decide live cases and controversies, and we are not at liberty, public interest notwithstanding, to depart

from 'case and controversy' limits or to go beyond the Supreme Court's mandate." 664 F.2d 169, 175 (1981). The public interest in resolving the tribal jurisdiction question was significant, but did not fall under either of the two scenarios articulated in *Bernard*: prosecutorial harassment and illegitimately motivated dismissal.

As in *Dupris*, the defendant advances public interest as a basis for ongoing litigation, despite that there is no longer a live "case and controversy" between the United States and Mohamed Jama. The defendant seeks "inquiry into the government's conduct in this and other similar prosecutions brought in the wake of Operation Metro Surge" and to "memorializ[e] the falsity of testimony and dishonest conduct of certain federal law enforcement officers." ECF Doc. 66, page 1. Without commenting on the validity of the defense's claims, it is sufficient to point out that these proposed inquiries can have no impact on the outcome of *this* case. His request runs contrary to *Dupris* and should be denied.

It bears noting the distinction between the public interest in dismissing the case and the public interest in conducting a hearing. The defendant is not contending that dismissal is contrary to the public interest. The defendant's position is fundamentally that dismissal *without a hearing* would be contrary to the public interest. The collateral benefits of a hearing are not proper consideration for the Court. If the Court is already convinced that dismissal is in the interest of justice, it should dismiss.

## III. Conclusion

The Court should dismiss this matter with prejudice, and without any further proceedings.

DATE: August 28, 2026

DANIEL N. ROSEN
United States Attorney

/s/ Nicholas Grey
Nicholas Grey
Special Assistant U.S. Attorney
Registration Number 283780CA