UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-MJ-53 (MJD/LIB)

UNITED STATES OF AMERICA,

Plaintiff,

v.

MOHAMED ABDIRIZAK JAMA,

Defendant.

**LIST OF AUTHORITIES IN OPPOSITION TO DEFENSE REQUEST FOR FINDINGS OF FACT**

At the conclusion of the motion hearing on September 1, 2026, the Court offered the parties the opportunity to submit a list of supporting authorities by Friday, September 4, 2026. The United States hereby offers additional authorities in opposition to the defendant's request for findings of fact (ECF Doc. 66). Quotations are offered for the following propositions: There is no longer a "case" between the parties. The four findings of fact requested by the defense (ECF Doc. 66, page 24) are now "moot questions." A continued factual inquiry would not "touch[] [upon] the legal relations of the parties"[1] or lead to "specific relief" for Mr. Jama, but is instead his "vehicle for the vindication of value interests."

[1] The requested findings of fact would be relevant to potential civil claims against the U.S (e.g. who caused the traffic accident). Such findings should be reserved to a civil suit with its burden of proof, mutual discovery, and inapplicability of the right to remain silent.

Muskrat v. United States, 219 U.S. 346, 356, 31 S. Ct. 250, 253, 55 L. Ed. 246 (1911) ("…by the express terms of the Constitution, the exercise of the judicial power is limited to 'cases' and 'controversies.' Beyond this it does not extend, and unless it is asserted in a case or controversy within the meaning of the Constitution, the power to exercise it is nowhere conferred.")

Moore v. Charlotte-Mecklenburg Bd. of Ed., 402 U.S. 47, 47–48, 91 S. Ct. 1292, 1293, 28 L. Ed. 2d 590 (1971) ("We are thus confronted with the anomaly that both litigants desire precisely the same result, namely a holding that the anti-busing statute is constitutional. There is, therefore, no case or controversy within the meaning of Art. III of the Constitution.")

TransUnion LLC v. Ramirez, 594 U.S. 413, 423–24, 141 S. Ct. 2190, 2203, 210 L. Ed. 2d 568 (2021) ("Federal courts do not possess a roving commission to publicly opine on every legal question. Federal courts do not exercise general legal oversight of the Legislative and Executive Branches, or of private entities.")

Diamond v. Charles, 476 U.S. 54, 62, 106 S. Ct. 1697, 1703, 90 L. Ed. 2d 48 (1986) ([Article III standing] is not to be placed in the hands of "concerned bystanders," who will use it simply as a "vehicle for the vindication of value interests.")(internal citations omitted)

Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240–41, 57 S. Ct. 461, 464, 81 L. Ed. 617 (1937) ("The controversy must be definite and

concrete, touching the legal relations of parties having adverse legal interests…It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.")(internal citations omitted)

Flast v. Cohen, 392 U.S. 83, 95, 88 S. Ct. 1942, 1950, 20 L. Ed. 2d 947 (1968) ("Thus, no justiciable controversy is presented when the parties seek adjudication of only a political question, when the parties are asking for an advisory opinion, when the question sought to be adjudicated has been mooted by subsequent developments, and when there is no standing to maintain the action.")

People of State of California v. San Pablo & T.R. Co., 149 U.S. 308, 314, 13 S. Ct. 876, 878, 37 L. Ed. 747 (1893) ("But the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it.")

DATE: September 4, 2026

DANIEL N. ROSEN
United States Attorney

/s/ Nicholas Grey
Nicholas Grey
Special Assistant U.S. Attorney
Registration Number 283780CA