IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Criminal No: 26-mj-53 (MJD/LIB)

UNITED STATES OF AMERICA,

Plaintiff,

v.

MOHAMED ABDIRIZAK JAMA,

Defendant.

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM REGARDING UNITED STATES' MOTION TO DISMISS WITH PREJUDICE**

At the hearing on September 1, 2026, the Court invited the parties to submit a supplemental memorandum identifying any additional authorities the Court may want to consider in connection with deciding whether to (1) inquire regarding the reasons for the United States' motion to dismiss this prosecution and ensure that the record clearly states those reasons; and (2) whether to inquire into and enter an order confirming whether agents Berger, Flores, or Muniz provided false information or testimony in connection with this prosecution.

## I. Supplemental Authorities Authorizing the Court to Inquire Into the Reasons for the Dismissal Under Rule 48(a).

1) *United States v. Adani*, et. al, No. 24-CR-0433 (NGG), 2026 WL 2294305 (E.D.N.Y. Aug. 10, 2026):

   a) *id.* at *7 (court ordered DOJ to provide reasons for its motion to dismiss indictment with prejudice because "Rule 48(a) requires the government to

provide its rationale, including sufficient factual support, for the requested dismissal");

b) *id.* at *8 (citing cases demonstrating that Rule 48(a)'s 1944 amendment was designed to give the Judiciary the power to check Executive power in the area of voluntary dismissals of criminal cases) (citing *United States v. Blaszczak*, 56 F.4th 230, 240 (2d Cir. 2022); *United States v. Cowan*, 524 F.2d 504, 512 (5th Cir. 1975); *Rinaldi v. United States*, 434 U.S. 22, 34 (1977));

c) *id.* at *9 ("the government must provide both its actual reasons for the requested dismissal and "sufficient factual information" for the court to be sure that the proffered reasons are the real reasons for dismissal."); *id.* (engaging in detailed factual analysis of each of the proffered reasons for the dismissal to determine whether the reasons were the "real reasons" for the dismissal and whether there was sufficient factual support for those reasons);

d) *id.* at *22 (noting that the government's failure to provide reasons for the dismissal on all counts after being ordered to do so constituted "a lack of respect for the Judiciary as a co-equal branch.");

e) *id.* at *23 (the court reserved judgment on certain counts of the indictment because the government failed to fulfill its Rule 48(a) "obligations" to specify real reasons for the requested dismissal and a factual basis for those reasons, and re-ordering the government to provide such information).

2) *United States v. Adani, et. al.*, No. 24-CR-0433 (NGG), 2026 WL 2607314, at *6-*7 (E.D.N.Y. Sept. 3, 2026) (denying motion to dismiss on certain counts because government's proffered reasons were not credible).

    a) *id.* at *6 ("Rule 48(a) necessarily turns what was once solely the prerogative of the executive into a shared responsibility between the executive and judicial branches of government") (quoting *United States v. N.V. Nederlandsche Combinatie Voor Chemische Industrie*, 75 F.R.D. 473 (S.D.N.Y. 1977))

## II. Supplemental Authorities Regarding False or Misleading Testimony or Evidence.

1) *Richardson v. United States*, 273 F.2d 144, 147 (8th Cir. 1959) (noting that false testimony is redressable under Federal Rule of Criminal Procedure 42 as criminal contempt where it is obstructive of the administration of justice, because providing false testimony is akin to the refusal to testify at all, and therefore redressable as a refusal to comply with the Court's authority).

2) Federal Rule of Criminal Procedure 42(a); 18 U.S.C. § 401.

3) *Napue v. Illinois,* 360 U.S. 264, 269 (1959).

Respectfully submitted,

Dated: September 4, 2026

**DORSEY & WHITNEY LLP**

s/ Surya Saxena

Surya Saxena, Reg. No. 0339465
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402
612-340-2600

Attorneys for Defendant